1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD D. HAMMER,

11          Plaintiff,                    No. 2:13-cv-0310 EFB P

12      vs.

13   K.J. ALLEN, et al.,

14          Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with this civil rights action under 42 U.S.C.

17   § 1983.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma

18   pauperis.  His case was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

19   § 636(b)(1).

20   **I.      Request to Proceed In Forma Pauperis**

21          Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

22   Dckt. No. 2.  Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and

23   (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to

24   collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

25   § 1915(b)(1) and (2).

26   ////

II.      **Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A *pro se* plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  When considering whether a complaint states a

////

////

2

1  claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

2  *Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to

3  the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

4  **III.    Screening Order**

5          The court has reviewed plaintiff's complaint (Dckt. No. 1) pursuant to § 1915A and finds

6  it does not state a cognizable claim.  Plaintiff brings this action pursuant to 42 U.S.C. § 1983,

7  and alleges that defendants Singh, Allen, and Hedgepeth violated his Eighth and Fourteenth

8  Amendment rights.

9          According to the allegations in the complaint, unidentified members of the Institution

10  Classification Committee elected to transfer plaintiff from the California Medical Facility to

11  another prison.  Plaintiff claims that he appealed this decision through the administrative

12  process.  According to plaintiff, defendant Singh was aware of plaintiff's "past circumstances"

13  and "safety concerns," but denied plaintiff's appeal because it was "vague" and "based on a

14  generalized fear."  Plaintiff contends this amounted to a violation of his Eighth Amendment

15  rights.

16          Plaintiff also alleges that in responding to his appeal, defendant Allen informed him that

17  he should immediately report any threat to his safety.  According to plaintiff, he "informed staff

18  immediately [about] his belief that this safety was in jeopardy if transferred," but was ignored.

19  He claims that he was then transferred to Salinas Valley State Prison and assaulted by another

20  inmate.  Plaintiff contends that defendant Allen violated his Eighth and Fourteenth Amendment

21  rights.  Finally, plaintiff contends that defendant Hedgepeth violated his Eighth Amendment

22  rights because even though he was the Warden of Salinas Valley State Prison, he was unaware of

23  plaintiff's safety concerns.  Plaintiff seeks $75,000 in damages and an order allowing him to be

24  transferred to an institution of his choice.

25  ////

26  ////

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).  Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).  Rather, a plaintiff must plead that each defendant, through his own individual actions, has violated the Constitution.  *Id.*  It is plaintiff's responsibility to allege facts to state a plausible claim for relief.  *Iqbal*, 129 S. Ct. at 1949; *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

There are no constitutional requirements regarding how a grievance system is operated.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system).  Thus, plaintiff may not impose liability on a defendant simply because he or she played a role in processing plaintiff's inmate appeals.  *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment. . . .  Thus, defendants' failure to process any of Buckley's grievances, without more, is not actionable under section 1983." (internal quotations omitted)).

////

To state a claim for violation of the right to procedural due process, plaintiff must allege facts showing: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).  State regulations may create a liberty interest in avoiding restrictive conditions of confinement if those conditions "present a dramatic departure from the basic conditions of [the inmate's] sentence." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Prisoners have no liberty interest in avoiding being transferred to another prison. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 225-27 (1976); *United States v. Brown*, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam).  Inmates have "no justifiable expectation" that they will  be incarcerated in any particular prison, and transferring an inmate to another prison does not infringe a protected liberty interest.  *Olim*, 461 U.S. at 245; *Vitek v. Jones*, 445 U.S. 480, 489 (1980).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006).  Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."  *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety."  *Id.* at 834.  A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. That is, the defendant must have known that the inmate faced a substantial risk of serious harm, and must have also disregarded that risk by failing to take reasonable measures to abate it. *Farmer*, 511 U.S. at 847.

////

Plaintiff's allegations do not demonstrate that any of the defendants violated his Eighth or Fourteenth Amendment rights, based on the standards set forth above.  The allegations do not show objectively, that the transfer to Salinas Valley State Prison exposed plaintiff to a substantial risk of serious harm.  Likewise, plaintiff's alleged complaints to defendants Singh and Allen of vague "safety" concerns do not show that these defendants were aware that the transfer would pose a substantial risk of serious harm to plaintiff.  As for defendant Hedgepeth, plaintiff specifically alleges that Hedgepeth lacked such knowledge.  Plaintiff cannot state a deliberate indifference claim on those facts.  Plaintiff's complaint appears to be premised on the allegation that he was transferred to Salinas Valley State Prison and assaulted, despite informing "staff" that the transfer would pose a threat to his safety.  However, he does not identify as a defendant the individual(s) responsible for ordering the transfer, or allege that those individuals knew that such a transfer would expose plaintiff to a substantial risk of serious harm.  Thus, plaintiff's complaint must be dismissed with leave to amend.

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant.  It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint.  L.R. 220.  This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

1        Plaintiff may not change the nature of this suit by alleging new, unrelated claims in an

2   amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

3   complaints).

4        Accordingly, it is hereby ORDERED that

5        1.  Plaintiff's request to proceed *in forma pauperis* is granted.

6        2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

7   accordance with the notice to the Director of the California Department of Corrections and

8   Rehabilitation filed concurrently herewith.

9        3.  The complaint is dismissed with leave to amend within 30 days.  The amended

10  complaint must bear the docket number assigned to this case and be titled "First Amended

11  Complaint."  Failure to comply with this order may result in a recommendation that this action

12  be dismissed.

13  Dated:  March 22, 2013.

14                         EDMUND F. BRENNAN

15                         UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26